```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

MICHAEL GREEN,                     :

                    Petitioner,    :    14 Civ. 6344 (KPF)(HBP)

     -against-                     :    REPORT AND
                                        RECOMMENDATION
WILLIAM LEE,                       :

                    Respondent.    :

----------------------------------X
```

PITMAN, United States Magistrate Judge:


TO THE HONORABLE KATHERINE POLK FAILLA, United States

District Judge,


I.  Introduction


Petitioner, Michael Green, seeks, by his pro se peti-

tion, a writ of habeas corpus pursuant to 28 U.S.C. § 2254

vacating a judgment of conviction entered on October 19, 2009,

after a jury trial, by the Supreme Court of the State of New

York, New York County (Stone, J.), for one count of burglary in

the second degree, in violation of New York Penal Law Section

140.25(2).  Pursuant to that judgment, petitioner was sentenced

as a persistent violent felony offender to an indeterminate term

of imprisonment of twenty years to life.  Petitioner is currently

incarcerated pursuant to the judgment.

For the reasons set forth below, I respectfully recommend that the petition be denied.

II.  Facts

A.  Facts Giving Rise to
    Petitioner's Conviction

The evidence offered at trial established the following facts.

In the early afternoon of January 2, 2009, Kristy Eko was in her bedroom with her fiancé, Chris Peins, in her Manhattan apartment.  Eko was watching television while her fiancé slept.  Eko saw petitioner walk through her apartment, enter the bedroom and approach her jewelry box.[1]  Eko woke up Peins as petitioner was reaching for Eko's jewelry box, and petitioner ran from the apartment, pursued by Peins.  Peins did not see petitioner in the hallway outside the apartment, and Peins ran down the stairs to the lobby.  Eko in the meantime called the lobby, spoke to the building's handyman, who was standing in for the doorman, and described what had happened.  After speaking with Eko, the handyman checked a security monitor and observed an unfamiliar individual, who turned out to be petitioner, in the building's

_____

[1]Peins had failed to lock the apartment's door after bringing trash to the compactor chute earlier that day.

2

elevator.  The handyman questioned petitioner as he stepped off the elevator and accompanied petitioner as he exited the building.  At that point, Peins exited the stairway and saw the handyman and petitioner outside the building.  Peins and the handyman then physically detained petitioner.  The handyman subsequently called 911 while Peins held petitioner.

A few minutes later, several police officers arrived and handcuffed petitioner.  The police interviewed Peins, the handyman and Eko in the lobby of the building.  At one point, a police officer gestured toward petitioner and asked Eko if petitioner was the man she had seen in her apartment.  Eko answered that he was.  Petitioner was subsequently arrested.

B.  State Court
Proceedings

Prior to trial, the Trial Court held a hearing pursuant to Dunaway v. New York, 442 U.S. 200 (1979), and United States v. Wade, 388 U.S. 218 (1967), to determine, respectively, whether there was probable cause to arrest petitioner and whether Eko's identification of petitioner as the perpetrator had been unduly suggestive.  After hearing testimony from the police officer who arrested petitioner, the Trial Court concluded that there was probable cause for petitioner's arrest based on Peins's state-

ments to the police (H. Tr.[2] 73).  The Court also concluded that Eko's identification of petitioner was not suggestive (H. Tr. 74-75).

Assisted by counsel, petitioner appealed his conviction to the Appellate Division of the Supreme Court for the First Department.  Petitioner's appeal asserted six claims:  (1) the District Attorney's charge to the grand jury on the elements of burglary destroyed the integrity of the grand jury; (2) the Trial Court improperly failed to require the prosecutor to proceed on a single theory of burglary; (3) the prosecutor's closing argument improperly shifted the burden of proof to petitioner and appealed to the jury's fears; (4) the Trial Court failed to respond properly to a question from the jury; (5) the Trial Court improperly failed to hold a pretrial hearing pursuant to People v. Huntley, 15 N.Y.2d 72, 204 N.E.2d 179, 255 N.Y.S.2d 838 (1965), to assess the voluntariness of petitioner's post-arrest statements; (6) the Trial Court erred in concluding that the pretrial identification procedures were not suggestive (Brief for Defendant-Appellant, undated (D.I. 13), at SR 3-4).  The Appel-

---

[2]Respondent has submitted all relevant portions of the state court record as a single filing, to wit, Docket Item ("D.I.") 13. "H. Tr.," "T. Tr." refer to the transcript of the pretrial hearing and petitioner's trial, respectively.  Both of these transcripts have been filed in this Court as part of D.I. 13.

late Division rejected all of petitioner's claims on April 23, 2013.  People v. Green, 105 A.D.3d 611, 963 N.Y.S.2d 257 (1st Dep't 2013).

Petitioner sought leave to appeal to the New York Court of Appeals asserting the same claims he raised before the Appellate Division.  The Court of Appeals denied leave to appeal on July 31, 2013.  People v. Green, 21 N.Y.3d 1015, 994 N.E.2d 394, 971 N.Y.S.2d 498 (2013).

Shortly before filing his petition in this Court, petitioner filed a motion in New York State Supreme Court seeking to vacate his conviction pursuant to N.Y. Crim. Proc. L. § 440.10.  That motion asserted five claims:  (1) petitioner was arrested without probable cause; (2) the Trial Court lacked personal and subject matter jurisdiction because the complaining witnesses did not sign affidavits in support of the criminal complaint and the arresting officer did not verify the complaint; (3) petitioner was deprived of his right to a preliminary hearing and thereby denied due process; (4) the complaining witnesses committed perjury before the grand jury; (5) petitioner is actually innocent because the evidence was legally insufficient to establish petitioner's guilt (Petitioner's Affirmation in Support of Motion, dated July 24, 2014 (D.I. 13), at SR 181-97).

In response, the prosecution argued that the motion should be denied because the claims were procedurally barred and, in any event, meritless.  The prosecution first argued that the claims were procedurally barred pursuant to N.Y. Crim. Proc. L. § 440.10(2)(b) and (c)[3] because petitioner was aware of the bases for these claims at the time of his direct appeal and failed to raise them at that time.  In addition, the prosecution argued that (1) the evidence presented at the <u>Wade/Dunaway</u> hearing

---

[3]Section 440.10(2)(b) and (c) provide:

> Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:
>
> *       *       *
>
> (b) The judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal.  This paragraph shall not apply to a motion under paragraph (i) of subdivision one of this section; or
>
> (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . . .

established that there was adequate probable cause for peti-
tioner's arrest; (2) because the petitioner was prosecuted on an
indictment, there was no need for the complainants to sign
depositions in support of the felony complaint; (3) the jurisdic-
tional claim failed because there was no flaw in the complaint
and, in any event, petitioner's indictment mooted any claim
concerning the sufficiency of the criminal complaint; (4) as a
matter of law, the denial of a preliminary hearing did not
constitute a denial of due process; (5) the absence of signed
depositions before the grand jury was immaterial because the
complaining witnesses actually testified before the grand jury
and (6) the actual innocence claim failed because it was based on
the victims' failure to sign depositions and the failure of the
prosecution to offer evidence that petitioner actually stole
property, neither of which established petitioner's innocence
(Affirmation in Response to the Defendant's CPL § 440.10 Motion,
dated Aug. 22, 2014 (D.I. 13), at SR 210-16).

      The Trial Court rejected petitioner's 440.10 motion on
October 29, 2014.  The Court found that all of petitioner's
claims were either procedurally barred and/or lacked merit.

> Petitioner argues that the arresting officer
> lacked probable cause to arrest him.  The only suppres-
> sion issue litigated previously concerned the pre-trial
> identification issue.  Any other suppression issue is
> procedurally barred now because petitioner did not

raise it previously.  In any event, petitioner has not identified any suppression issue arising from his factually unsupported assertion that he was arrested without probable cause.

Petitioner contends that the trial court lacked both in personam and subject matter jurisdiction because the complainants did not sign supporting depositions to support the felony complaint and because the arresting officer did not verify the complaint.  These arguments are also procedurally barred because they could have been raised on direct appeal, CPL 440.10[2][c]; People v. Cooks, 67 NY2d 100, 103-104 [1986], and are without merit.  The arresting officer signed the felony complaint, which contained a notice that "false statements made herein are punishable as class A misdemeanors," thus properly verifying the complaint, CPL 100.30[1][d], and there is no requirement that complainants sign supporting depositions when they have testified before the grand jury.

Petitioner further argues that the absence of supporting depositions signed under the penalty of perjury means that the complainants' grand jury testimony was perjured.  This contention is procedurally barred CPL 440.10[2][c]; People v. Cooks, supra, and petitioner has provided no facts showing that any testimony was untruthful.

Petitioner finally alleges that he is actually innocent of the burglary charge.  Petitioner has supplied no factual allegations supporting this claim and no hearing is required.  CPL 440.30[1][a], [4][b].  To the extent that petitioner argues he is innocent of burglary because no property was taken from the complainants, all that is required to commit burglary is the intent to commit a crime in the premises.  PL §140.25; People v. Lewis, 5 NY3d 546 [2005].

Petitioner's motion is hereby denied in all respects.

(Decision and Order, dated Oct. 29, 2014 (D.I. 13), at SR 237-39

(footnote omitted)).

Petitioner sought leave to appeal the denial of his 440.10 motion to the Appellate Division (Notice of Application and Affirmation in Support of Application, dated Dec. 12, 2014 (D.I. 13), at SR 240-47).  The Appellate Division denied leave to appeal on March 19, 2015.  <u>People v. Green</u>, M-397, Ind. No. 114/2009 (1st Dep't Mar. 11, 2015) (reported at http://www.courts.state.ny.us/courts/AD1/calendar/appsmots/2015/March/2015_03_19_mot.pdf (last visited Jan. 5, 2016)).

In his petition to this Court, petitioner appears to be asserting the same claims he asserted in his 440.10 motion except for his claim concerning the denial of a preliminary hearing (Petition, dated July 26, 2014 (D.I. 1), at ¶ 13).[4]

---

[4]Petitioner states his claims as follows:

(1) Probable cause of warrantless arrest by police of the petitioner['s] did not exist to charge him of burglary (2) the petitioner rights were violated where he was arraigned absent jurisdiction (3) the integrity of the grand jury were impaired of fraud by the people [<u>sic</u>] who violate[d] due process of petitioner (4) petitioner was actually innocent of the charge of burglary and have [<u>sic</u>] not committed any felonious act warranted [<u>sic</u>] his restriction of liberty (5) the prosecutor have [<u>sic</u>] not established every element of the offense charge of burglary in violation of petitioner's 14th Amendment [<u>sic</u>].

(Petition, dated July 26, 2014 (D.I. 1), at ¶ 13).

III.  <u>Analysis</u>

    A.  Procedurally
       <u>Barred Claims</u>

      A claim asserted in a habeas corpus petition may be procedurally barred if (1) the claim has not been asserted in state court proceedings in accordance with state procedural requirements and (2) the state courts rely on that violation of state procedural requirements to reject the claim.  As the Court of Appeals for the Second Circuit has explained:

> The independent and adequate state ground doctrine first arose in the context of direct appeals to the Supreme Court from final judgments of the state courts. Under that doctrine the Supreme Court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991).  Moreover, "[t]his rule applies whether the state law ground is substantive or procedural."  <u>Id</u>.
>
>         *    *    *
>
> The doctrine also applies in the context of federal courts reviewing applications for a writ of habeas corpus . . . .  [I]nvoking principles of comity and federalism . . . federal habeas courts faced with an independent and adequate state ground of decision defer in the same manner as does the Supreme Court on direct review.

<u>Garcia v. Lewis</u>, 188 F.3d 71, 76 (2d Cir. 1999); <u>see</u> <u>also</u> <u>Beard v. Kindler</u>, 558 U.S. 53, 55 (2009) ("A federal habeas court will

not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." (internal quotation marks omitted and brackets in original)); Cone v. Bell, 556 U.S. 449, 465 (2009) (same); Bierenbaum v. Graham, 607 F.3d 36, 47 (2d Cir. 2010) (same); Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003); Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) ("[I]t is settled law that an independent and adequate state law ground for a state court conviction cannot be disturbed on habeas."), citing Coleman v. Thompson, 501 U.S. 722, 729-31 (1991); Brown v. State of New York, 04-CV-1087 (NG)(VVP), 2006 WL 3085704 at *2 (E.D.N.Y. Oct. 30, 2006) ("When a habeas corpus petitioner defaults a federal claim in state court . . . by failing to preserve the claim for state appellate review . . . , the independent and adequate state ground doctrine bars federal habeas corpus review."); Rivera v. Moscicki, 03 Civ. 5810 (SAS), 2005 WL 2347840 at *2 (S.D.N.Y. Sept. 22, 2005) (Scheindlin, D.J.) ("A federal court generally may not review a state court decision that expressly relies on a procedural default as an independent and adequate state ground for dismissal.").

Dismissal of a claim on the ground that consideration of the merits is precluded by an adequate and independent state

procedural ground is appropriate where the last reasoned state

court decision expressly relies on a state procedural bar:

> In <u>Harris</u> [v. Reed, 489 U.S. 255 (1989)], the Court
> held that "a procedural default does not bar consider-
> ation of a federal claim on either direct or habeas
> review unless the last state court rendering a judgment
> in the case clearly and expressly states that its
> judgment rests on a state procedural bar." <u>Harris</u>, 489
> U.S. at 263, 109 S. Ct. 1038 (internal quotation marks
> omitted).  We apply the <u>Long/Harris</u> presumption to the
> last "reasoned state judgment" . . . . <u>See</u> <u>Ylst v.</u>
> <u>Nunnemaker</u>, 501 U.S. 797, 803, 111 S. Ct. 2590, 115
> L.Ed.2d 706 (1991).

<u>Jones v. Stinson</u>, 229 F.3d 112, 118 (2d Cir. 2000); <u>see</u> <u>also</u>

<u>Galarza v. Keane</u>, 252 F.3d 630, 637 (2d Cir. 2001) ("We have

repeatedly stated that in order for federal habeas review to be

procedurally barred, a state court must actually have relied on a

procedural bar as an independent basis for its disposition of the

case, and the state court's reliance on state law must be unam-

biguous and clear from the face of the opinion.").

"Even where the state court has ruled on the merits of

a federal claim 'in the alternative,' federal habeas review is

foreclosed where the state court has also expressly relied on the

petitioner's procedural default." <u>Murden v. Artuz</u>, 497 F.3d 179,

191 (2d Cir. 2007), <u>quoting</u> <u>Green v. Travis</u>, 414 F.3d 288, 294

(2d Cir. 2005); <u>accord</u> <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10

(1989); <u>Galmadez v. Keane</u>, 394 F.3d 68, 77 (2d Cir. 2005); <u>Glenn</u>

<u>v. Bartlett</u>, 98 F.3d 721, 724 (2d Cir. 1996).

However, even where the last reasoned decision of the state court expressly rejects a federal constitutional claim on a state procedural ground, federal habeas corpus review will not be precluded if (1) the state procedural ground is not independent and adequate, see Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006); Monroe v. Kuhlman, 433 F.3d 236, 241-42 (2d Cir. 2006); Cotto v. Herbert, supra, 331 F.3d at 238-39; (2) there is cause for and prejudice from petitioner's failure to assert his claims in accordance with state procedural law or (3) a failure to consider the claim would result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 318-22, 324-27 (1995); Coleman v. Thompson, supra, 501 U.S. at 748-50; Harris v. Reed, supra, 489 U.S. at 262; Green v. Travis, supra, 414 F.3d at 294.

A state law bar is not "adequate" when it is not "firmly established and regularly followed . . . or . . . despite being firmly established, [there] was an exorbitant application of a generally sound rule." Wright v. Duncan, 500 F. App'x 36, 37 (2d Cir. 2012) (summary order) (internal quotation marks and citations omitted). The Court of Appeals for the Second Circuit has, however, expressly and repeatedly held that the provisions of New York Criminal Procedure Law Section 440.10(2)(c) precluding a defendant from mounting a collateral attack in state court on the basis of claims that could have been raised on direct

13

appeal is an adequate and independent ground to deny federal
habeas review.  Clark v. Perez, 510 F.3d 382, 393 (2d Cir. 2008)
("We conclude that the district court erred in holding that the
state court's application of section 440.10(2)(c) did not consti-
tute an adequate state procedural bar to Clark's federal habeas
petition."); Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001)
("[T]here can be no doubt that the state court's decision on
[p]etitioner's . . . claim rested on an adequate and independent
state bar" where petitioner failed to raise his claim on direct
appeal in accordance with § 440.10(2)(c).); accord Nelson v. New
York, 10 Civ. 9021 (KPF)(HBP), 2014 WL 4449774 at *20 (S.D.N.Y.
Sept. 10, 2014) (Failla, D.J., adopting Report and Recommendation
of Pitman, M.J.); Felton v. Mazzuca, 98 Civ. 4567 (RJS), 2012 WL
4462009 at *7 (S.D.N.Y. Sept. 27, 2012) (Sullivan, D.J.); see
also Davis v. Mantello, 42 F. App'x 488, 490 (2d Cir. 2002)
(summary order).

A habeas petitioner can establish "cause" by showing
that "some objective factor, external to Petitioner's defense,
interfered with his ability to comply with the state's procedural
rule." Gutierrez v. Smith, 702 F.3d 103, 111 (2d Cir. 2012).  A
habeas petitioner can establish prejudice by showing that "[t]he
error must have resulted in 'substantial disadvantage, infecting
[the] entire trial with error of constitutional dimensions.'"

14

Gutierrez v. Smith, supra, 702 F.3d at 112 (brackets in original), quoting Murray v. Carrier, 477 U.S. 478, 494 (1986).

Finally, to establish a fundamental miscarriage of justice, a habeas petitioner must show that a constitutional violation probably resulted in his conviction despite his actual innocence. United States v. Olano, 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir. 2003) ("A habeas petitioner may avoid [a procedural] default . . . by showing . . . that failure to consider the claim will result in miscarriage of justice, i.e., the petitioner is actually innocent."); accord Johnson v. Bellnier, 508 F. App'x 23, 25 (2d Cir. 2013) (summary order); Sanchez v. Lee, 508 F. App'x 46, 48 (2d Cir. 2013) (summary order).

The Trial Court expressly relied on N.Y. Crim. Proc. L. § 440.10(2)(c) to deny the claims in petitioner's 440.10 motion concerning the Trial Court's purported lack of personal and subject matter jurisdiction and perjury before the grand jury. Petitioner does not even attempt to show cause for or prejudice from his failure to assert these claims in conformity with New York's procedural requirements, and his conclusory claim of actual innocence, with no supporting evidence whatsoever, is

15

insufficient to overcome the procedural bar.  <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995) (In order to overcome a procedural bar on the basis of actual innocence, a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); <u>accord</u> <u>McQuiggin v. Perkins</u>, 569 U.S. ---, --- 133 S.Ct. 1924, 1928 (2013).

Thus, petitioner's claim that the Trial Court lacked personal and subject matter jurisdiction and his claim alleging perjury before the Grand Jury fail because they are procedurally barred.

B.  Petitioner's Fourth
Amendment Claim Is
Barred by <u>Stone v.
Powell and its Progeny</u>

Petitioner's claim that his arrest was not supported by probable cause is barred by <u>Stone v. Powell</u>, 428 U.S. 465 (1976), and its progeny.

The Fourth Amendment to the United States Constitution is the source of federal protection against baseless arrests; the Fourth Amendment requires that there be probable cause to believe that an individual has committed a crime before that individual can be arrested.  <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152 (2004);

<u>Gerstein v. Pugh</u>, 420 U.S. 103, 111-12 (1975).  Thus, peti-
tioner's false arrest claim is a Fourth Amendment claim.  <u>See</u>,
<u>e.g.</u>, <u>Edwards v. Fischer</u>, 01 Civ. 9397 (LAK)(THK), 2002 WL
31833237 at *2 (S.D.N.Y. Dec. 16, 2002) (Katz, M.J.).  Such
claims, however, cannot, ordinarily, provide a basis for habeas
relief.

    The limited scope of review available in habeas pro-
ceedings for alleged Fourth Amendment violations was explained by
the Honorable Richard M. Berman, United States District Judge, in
<u>Baker v. Bennett</u>, 235 F. Supp. 2d 298, 306-07 (S.D.N.Y. 2002):

> In <u>Stone v. Powell</u>, 428 U.S. 465, 96 S. Ct. 3037,
> 49 L.Ed.2d 1067 (1976), the Supreme Court established
> that "where the state has provided an opportunity for
> full and fair litigation of a Fourth Amendment claim, a
> state prisoner may not be granted federal habeas corpus
> relief on the ground that evidence obtained in an
> unconstitutional search or seizure was introduced at
> his trial." <u>Id</u>. at 494, 96 S. Ct. 3037; <u>Capellan v.
> Riley</u>, 975 F.2d 67, 70 (2d Cir. 1992).  A federal court
> "ha[s] no authority to review the state record and
> grant the writ simply because [it] disagree[s] with the
> result reached by the state courts" on a Fourth Amend-
> ment issue.  <u>Gates v. Henderson</u>, 568 F.2d 830, 840 (2d
> Cir. 1977); <u>see also</u> <u>Torres v. Irvin</u>, 33 F. Supp. 2d
> 257, 264 (S.D.N.Y. 1998) ("A petition for a writ of
> habeas corpus must be dismissed where it seeks simply
> to relitigate a Fourth Amendment claim.").  The only
> way a federal court can review such a claim is where
> "the state has provided no corrective procedures at
> all," or the state has provided a corrective mechanism,
> but the defendant is precluded from using that mecha-
> nism "because of an unconscionable breakdown in the
> underlying process." <u>Capellan</u>, 975 F.2d at 70 (citing
> <u>Gates</u>, 568 F.2d at 839); <u>Torres</u>, 33 F. Supp. 2d at 264.

17

See also Hall v. Griener, 00 Civ. 5517 (WHP)(HBP), 2004 WL 350759 at *2-*3 (S.D.N.Y. Feb. 24, 2004) (Pitman, M.J.) (Report & Recommendation), adopted in an unpublished Order dated June 8, 2004; Valtin v. Hollins, 248 F. Supp. 2d 311, 317 (S.D.N.Y. 2003) (Marrero, D.J.); Torres v. Irvin, 33 F. Supp. 2d 257, 264 (S.D.N.Y. 1998) (Cote, D.J.).

The Court of Appeals for the Second Circuit has held that New York's procedure for reviewing Fourth Amendment claims is adequate.  See Capellan v. Riley, 975 F.2d 67, 70 n.1 (2d Cir. 1992); see also Jones v. Brandt, 09 Civ. 1035 (SAS), 2013 WL 5423965 at *10 n.142 (S.D.N.Y. Sept. 26, 2013) (Scheindlin, D.J.); Crispino v. Allard, 378 F. Supp. 2d 393, 413 (S.D.N.Y. 2005) (Sweet, D.J.).  New York's procedure has expressly been found to be an adequate vehicle to litigate Fourth Amendment claims asserting that a petitioner was arrested without probable cause.  Johnson v. Graham, 09 Civ. 5838 (SAS)(KNF), 2010 WL 3855286 at *4 (S.D.N.Y. Oct. 1, 2010) (Scheindlin, D.J.).

Because New York's procedure for litigating Fourth Amendment claims is adequate, petitioner's Fourth Amendment claim is cognizable here only if petitioner can show that there was "an unconscionable breakdown in the underlying process." Capellan v. Riley, supra, 975 F.2d at 70, citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc).  "An unconscionable breakdown

18

occurs when the state court fails to conduct a reasoned inquiry into the petitioner's claim." Valtin v. Hollins, supra, 248 F. Supp. 2d at 317, citing Papile v. Hernandez, 697 F. Supp. 626, 633 (E.D.N.Y. 1988); see also Vega v. Artuz, 97 Civ. 3775 (LTS)(JCF), 2002 WL 252764 at *12 (S.D.N.Y. Feb. 20, 2002) (Swain, D.J.) ("some sort of 'disruption or obstruction of a state proceeding' is typical of [an unconscionable breakdown]"), quoting Capellan v. Riley, supra, 975 F.2d at 70 .

Although petitioner disagrees with the result reached by New York's courts, he has failed to show that the state court failed to conduct a reasoned inquiry.  The Trial Court heard testimony from the police officer who arrested petitioner, and on the basis of that testimony concluded that there was probable cause to arrest petitioner based on the statements of Peins who claimed to be a witness to the burglary (H. Tr. 73).  This conclusion is entirely consistent with the case law interpreting the Fourth Amendment and does not remotely suggest an unconscionable breakdown of state process.  See generally Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) ("[I]t is well--established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise

doubt as to the person's veracity." (internal citation and marks omitted)).

Accordingly, because petitioner has not shown an unconscionable breakdown in the procedure provided by New York to vindicate his Fourth Amendment rights, petitioner's claim that he was arrested without probable cause does not provide a basis for habeas relief.[5]

---

[5]Respondent also claims that petitioner's Fourth Amendment arrest claim is procedurally barred based on a statement in the decision denying petitioner's 440.10 motion.  Specifically, the decision denying that motion states, in pertinent part: "Petitioner argues that the arresting officer lacked probable cause to arrest him.  The only suppression issue litigated previously concerned the pre-trial identification issue.  Any other issue related to suppression is procedurally barred now because petitioner did not raise it previously" (Decision and Order, dated Oct. 29, 2014 (D.I. 13), at SR 238).  However, the Trial Court described the omnibus pretrial hearing as being, in part, a Dunaway hearing, and the Trial Court made an express finding at the conclusion of that hearing that there was probable cause to arrest petitioner (H. Tr. 1, 73).  Respondent does not address this inconsistency in the record; rather, he just ignores it.  Because petitioner's claim concerning his arrest is plainly barred by Stone v. Powell, supra, I find that it is unnecessary to resolve this conflict in the record and unnecessary to address respondent's procedural bar argument.

C.   The Merits of
     Petitioner's Remaining Claims

     1.   Standard of Review

     A federal court may grant a writ of habeas corpus to a
state prisoner where the state court's adjudication of the
petitioner's federal claim on the merits:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly estab-
> lished Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unrea-
> sonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

     A decision is "contrary to" clearly established federal
law, as determined by the Supreme Court, "if the state court
arrives at a conclusion opposite to that reached by [the Supreme
Court] on a question of law" or "if the state court confronts
facts that are materially indistinguishable from a relevant
Supreme Court precedent and arrives at a result opposite to [the
Supreme Court's]."   Williams v. Taylor, 529 U.S. 362, 405
(2000).  A decision is an unreasonable application of clearly
established federal law if a "state court identifies the correct
governing legal principle from [the Supreme Court's] decisions
but unreasonably applies that principle to the facts of the

prisoner's case."  Williams v. Taylor, supra, 529 U.S. at 413;
accord Cullen v. Pinholster, 563 U.S. 170, 182 (2011); Lockyer v.
Andrade, 538 U.S. 63, 75 (2003).  Moreover, a "federal habeas
court may not issue the writ simply because that court concludes
in its independent judgment that the relevant state-court deci-
sion applied clearly established federal law erroneously or
incorrectly.  Rather, that application must also be unreason-
able."  Williams v. Taylor, supra, 529 U.S. at 411; accord
Lockyer v. Andrade, supra, 538 U.S. at 75.

       The standard for relief under the Antiterrorism and
Effective Death Penalty Act ("AEDPA") "is difficult to meet,
because the purpose of AEDPA is to ensure that federal habeas
relief functions as a guard against extreme malfunctions in the
state criminal justice systems, and not as a means of error
correction."  Greene v. Fisher, 565 U.S. ---, ---, 132 S. Ct. 38,
43 (2011) (internal quotation marks omitted); accord Metrish v.
Lancaster, 569 U.S. ---, ---, 133 S. Ct. 1781, 1786-87 (2013);
see Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 16 (2013)
(The "AEDPA erects a formidable barrier to federal habeas relief
for prisoners whose claims have been adjudicated in state
court.").

            "'[C]learly established Federal law'" for purposes of
            § 2254(d)(1) includes only "'the holdings, as opposed
            to the dicta, of this Court's decisions.'"  Howes v.

> Fields, 565 U.S. ---, ---, 132 S. Ct. 1181, 1187, 182
> L.Ed.2d 17 (2012) (quoting Williams v. Taylor, 529 U.S.
> 362, 412, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000)).
> And an "unreasonable application of" those holdings
> must be "'objectively unreasonable,'" not merely wrong;
> even "clear error" will not suffice.  Lockyer v.
> Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 155
> L.Ed.2d 144 (2003).  Rather, "[a]s a condition for
> obtaining habeas corpus from a federal court, a state
> prisoner must show that the state court's ruling on the
> claim being presented in federal court was so lacking
> in justification that there was an error well under-
> stood and comprehended in existing law beyond any
> possibility for fairminded disagreement."  Harrington
> v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 786-787,
> 178 L.Ed.2d 624 (2011).

White v. Woodall, 572 U.S. ---, ---, 134 S. Ct. 1697, 1702 (2014)

(brackets in original); accord Smith v. Artus, 610 F. App'x 23,

26 (2d Cir. 2015) (summary order).  "[R]eview under § 2254(d)(1)

is limited to the record that was before the state court that

adjudicated the prisoner's claim on the merits."  Greene v.

Fisher, supra, 132 S. Ct. at 44, citing Cullen v. Pinholster,

supra, 131 S. Ct. at 1398.

              2.  Assuming Such a
                  Claim Exists,
                  Petitioner Has
                  Not Stated an
                  Actual-Innocence Claim

     Although petitioner does not explain the basis for the

claim, he asserts that he is entitled to habeas relief because he

is actually innocent.  Petitioner previously asserted this claim

in his 440.10 motion, and the Court rejected, finding that no hearing was required because "petitioner supplied no factual allegations supporting this claim" (Decision and Order, dated Oct. 29, 2014 (D.I. 13), at SR 239).

"[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993); McQuiggin v. Perkins, supra, 133 S. Ct. at 1928; Johnson v. Bellnier, 508 F. App'x 23, 26 (2d Cir. 2013) (summary order). Neither the Supreme Court nor the Court of Appeals for the Second Circuit has ever concluded that a habeas court can entertain a free-standing claim of actual innocence, such as that asserted here. Rivers v. Smith, 13-CV-549 (NGG)(LB), 2015 WL 8489963 at *21 (E.D.N.Y. Dec. 8, 2015).

If such a claim exists, a habeas petitioner would have to meet an extremely heavy burden to prevail. As the Honorable Nicholas G. Garaufis, United States District Judge, has explained:

> [T]he Supreme Court has stated that, even assuming a freestanding claim of actual innocence were cognizable, the threshold showing of evidence would be "extraordinarily high," Herrera, 506 U.S. at 417, and indeed, would require a petitioner to exceed the Schlup standard for traditional "gateway" actual innocence claims, which requires a demonstration of evidence such that no

24

reasonable juror would be able to find the petitioner
guilty.  House v. Bell, 547 U.S. 518, 554-55 (2006)
(citing Schlup v. Delo, 513 U.S. 298 (1995)).

Rivers v. Smith, supra, 2015 WL 8489963 at *22.

Beyond his bare assertion that he is actually innocent,
petitioner offers nothing in support of this claim.[6]  He does not
identify any lacunae in the prosecution's case nor does he offer
any exculpatory evidence, either new nor old.  Even if I assume
that a free-standing actual innocence claim can provide a basis
for habeas relief, given the total lack of either evidence or
argument to support this claim, the Trial Court's rejection of
petitioner's actual-innocence claim was not contrary to clearly
established federal law.

3.   The Evidence Was
     Unquestionably
     Sufficient to
     Prove Petitioner's Guilt

Petitioner's final claim is that "the prosecutor [did]
not establish every element of the offense . . . of burglary in
violation of petitioner's 14th Amendment" (Petition, dated July
26, 2014 (D.I. 1), at ¶ 13).  Again petitioner offers no explana-

_____

[6]Petitioner's entire statement of this claim consists of the
statement "Petitioner was actual[ly] innocen[t] of the charge of
burglary and ha[s] not committed any felonious act warrant[ing]
his restriction of liberty" (Petition, dated July 26, 2014, (D.I.
1), at ¶ 13).

25

tion of this claim.  However, construing this claim in conjunc-
tion with petitioner's 440.10 motion, his argument appears to be
that he is not guilty of burglary because there was no evidence
that he actually took money or property from Eko's apartment
(Affirmation in Support of Motion, dated July 2014 (D.I. 13), at
SR 195-96).  The Trial Court rejected this aspect of petitioner's
440.10 motion, stating, "To the extent that petitioner argues he
is innocent of burglary because no property was taken from the
complainant, all that is required to commit burglary is the
intent to commit a crime in the premises.  PL § 140.25; People v.
Lewis, 5 NY3d 546 [2005]" (Decision and Order dated Oct. 29, 2014
(D.I. 13), at SR 239).

Petitioner was convicted of the crime of burglary in
the second degree in violation of New York Penal Law Section
140.25(2).  That statute defines the crime as follows:

> A person is guilty of burglary in the second degree
> when he knowingly enters or remains unlawfully in a
> building with intent to commit a crime therein, and
> when:

> \*     \*     \*

> 2. The building is a dwelling.

The Penal Law defines a "dwelling" as "a building which is
usually occupied by a person lodging therein at night."  N.Y.
Penal L. § 140.00(3).

A habeas petitioner asserting that the evidence was insufficient to sustain the conviction faces a heavy burden.  In reviewing a claim that evidence was legally insufficient,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citations and emphasis omitted); accord United States v. Mi Sun Cho, 713 F.3d 716, 720 (2d Cir. 2013) ("The question is not whether this [C]ourt believes that the evidence at trial established guilt beyond a reasonable doubt, but rather, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotations marks and citations omitted; emphasis and alteration in original)); Policano v. Herbert, 507 F.3d 111, 116 (2d Cir. 2007) ("'[A] petitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence.'" (alteration in original)), quoting Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000); Davis v. Greene, 04 Civ. 6132 (SAS), 2008 WL 216912 at *6 (S.D.N.Y. Jan. 22, 2008) (Scheindlin, D.J.) (same).

The evidence offered at trial, viewed in the light most favorable to the prosecution, showed that petitioner entered Eko's apartment without permission and intended to steal Eko's property (T. Tr. 224-32, 256-57). The evidence further showed that the apartment was a "dwelling" because the apartment was the residence of Eko and her fiancé (T. Tr. 214, 217, 254, 261-62, 274). The foregoing testimony established the elements of the crime; as the Trial Court correctly held, the fact that petitioner did not actually take currency or property is immaterial.

Thus, the Trial Court's rejection of petitioner's sufficiency-of-the-evidence claim was not an unreasonable application of clearly established federal law.

IV. <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respectfully recommend that the petition be denied in all respects.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253. To warrant the issuance of a certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate

28

to deserve encouragement to proceed further." Middleton v.
Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam)
(internal quotation marks and citation omitted, ellipsis in
original); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir.
2005) (per curiam).  For the reasons set forth above, I conclude
that there would be no difference of opinion among reasonable
jurists that petitioner's federal rights were not violated.

I further recommend that certification pursuant to 28
U.S.C. § 1915(a)(3) not be issued because any appeal from this
Report and Recommendation, or any Order entered thereon, would
not be taken in good faith.  See Coppedge v. United States, 369
U.S. 438, 445 (1962).

## V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  See also Fed. R. Civ. P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
Katharine Polk Failla, United States District Judge, 40 Foley
Square Pearl Street, Room 2103, New York, New York 10007, and to
the Chambers of the undersigned, 500 Pearl Street, Room 750, New

York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Failla.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        January 8, 2016

                                Respectfully submitted,


                                HENRY PITMAN
                                United States Magistrate Judge

Copies mailed to:

Mr. Michael Green
DIN 09-A-5340
Green Haven Correctional Facility
594 Route 216
Stormville, New York  12582-0010

Paul B. Lyones, Esq.
Thomas B. Litsky, Esq.
Assistant Attorneys General
State of New York
120 Broadway
New York, New York  10271