```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
   MICHAEL GREEN,                                     :
                                                      :
                              Petitioner,             :    14 Civ. 6344 (KPF) (HBP)
                                                      :
                  v.                                  :    OPINION AND ORDER
                                                      :    ADOPTING REPORT AND
   WILLIAM LEE,                                       :    RECOMMENDATION
                                                      :
                              Respondent.             :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 31, 2016

KATHERINE POLK FAILLA, District Judge:

Petitioner Michael Green, who is proceeding *pro se* and is currently incarcerated, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") on July 30, 2014, against Superintendent William Lee of the Green Haven Correctional Facility in Stormville, New York. Green's Petition seeks review of his New York State Supreme Court[1] conviction for burglary in the second degree, in violation of New York Penal Law § 140.25(2). United States Magistrate Judge Henry B. Pitman issued a Report and Recommendation dated January 8, 2016 (the "Report"), recommending that the Petition be denied. The Court has considered both Judge Pitman's comprehensive Report and Green's timely objections to it, and finds that the Report should be adopted in full. Accordingly, the Petition is denied.

---

[1] Unless otherwise indicated, references in this Opinion to the "Supreme Court" are to the New York State Supreme Court, New York County, and not the United States Supreme Court.

## BACKGROUND[2]

The facts and procedural history of the instant action are set forth in detail in the Report. (*See* Dkt. #15). The Court therefore provides only a brief summary of the relevant background.

Green was arrested in January 2009 after two eyewitnesses positively identified him as the man who had entered their apartment, walked into the bedroom, and reached for a jewelry box, before being chased out by one of the witnesses. (Report 2-3). Prior to Green's trial, the trial court held a hearing pursuant to *Dunaway* v. *New York*, 442 U.S. 200 (1979), and *United States* v. *Wade*, 388 U.S. 218 (1967), to determine (i) whether probable cause existed to arrest Green, and (ii) whether the second eyewitness identification of Green was improperly suggestive. (*Id.* at 3). The trial court found that probable cause supported Green's arrest, and the eyewitness identification was not unduly suggestive. (*Id.* at 3-4).

A jury convicted Green of one count of burglary in the second degree, and Green was sentenced as a persistent violent felony offender, pursuant to New York Penal Law § 70.10, to an indeterminate sentence of 20 years' to life imprisonment. (Report 1). Green appealed his conviction to the Appellate Division of the Supreme Court, First Judicial Department, and on April 23, 2013, the Appellate Division rejected Green's appeal in its entirety. (*Id.* at 4-5). Green sought and was denied leave to appeal the Appellate Division's decision

---

[2]  In addition to citing to Green's Petition ("Pet.," Dkt. #1), the Report (Dkt. #15), and Green's Objections to the Report ("Obj.," Dkt. #19), this Opinion draws on information contained in the State Record ("S.R.") and State Transcripts ("S.T.," both at Dkt. #13).

to the New York Court of Appeals. (*Id.* at 5). In July 2014, Green filed a motion in the Supreme Court seeking to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10. (*Id.* at 5). The Court found, however, that none of Green's claims warranted relief, as they were each procedurally barred, meritless, or both. (*Id.* at 7). Green sought leave to appeal the denial of his § 440.10 motion, and the Appellate Division denied leave on March 19, 2015. (*Id.* at 9).

Green filed his instant petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, on July 30, 2014. (Dkt. #1). On October 20, 2014, the Court referred Green's Petition to Magistrate Judge Pitman for a Report and Recommendation. (Dkt. #4). Judge Pitman granted Lee an extension of time to respond to Green's Petition (Dkt. #10), and Lee then filed his response on March 19, 2015 (Dkt. #13). Judge Pitman issued his Report on January 8, 2016, recommending that Green's Petition be denied in all respects. (Dkt. #15). Green requested, and this Court granted, an extension of his time to file objections to the Report. (Dkt. #17, 18). The Court received Green's objections on March 1, 2016. (Dkt. #19).

## DISCUSSION

**A.  Applicable Law**

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no "specific, written objection is

made," as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene* v. *WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (quoting Fed. R. Civ. P. 72(b)); *see also Thomas* v. *Arn*, 474 U.S. 140, 149 (1985). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley* v. *Cromartie*, 532 U.S. 234, 235, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a petitioner makes specific objections to a magistrate judge's findings, the reviewing court must undertake a *de novo* review of the objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States* v. *Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). *Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks and citation omitted). However, where objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker* v. *Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

**B.     Analysis**

    **1.     Green's Grounds for Habeas Relief**

Green's Petition raises five grounds for habeas relief: (i) the arresting officers lacked probable cause to arrest him; (ii) the state court lacked personal and subject matter jurisdiction; (iii) the grand jury proceedings were compromised by due process violations; (iv) Green was actually innocent of the

4

offense of which he was convicted; and (v) the State failed to establish every element of the offense of conviction. (Pet. ¶ 13). Judge Pitman addressed each of these arguments in turn.

### 2. The Report

Judge Pitman began his analysis by discussing the standard for finding a habeas petitioner's claims procedurally barred. As Judge Pitman explained in detail, "[d]ismissal of a claim on the ground that consideration of the merits is precluded by an adequate and independent state procedural ground is appropriate where the last reasoned state court decision expressly relies on a state procedural bar." (Report 12 (citing *Jones* v. *Stinson*, 229 F.3d 112, 118 (2d Cir. 2000))). A petitioner seeking to overcome a state court decision that relies upon an adequate and independent state procedural ground must show either "[i] cause for and prejudice from petitioner's failure to assert his claims in accordance with state procedural law or [ii] [that] a failure to consider the claim would result in a fundamental miscarriage of justice." (*Id.* at 13 (citing cases)). Judge Pitman then applied this standard to Green's Petition, finding that the trial court had expressly relied on New York Criminal Procedure Law § 440.10(2)(c) to deny Green's claims regarding (i) personal and subject matter jurisdiction, and (ii) flaws in the grand jury proceeding. (*Id.* at 15).[3] Because

---

[3]    N.Y. Crim. Proc. L. § 440.10(2)(c) requires a court to deny a motion to vacate a judgment when:

>   Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal

5

Green failed to show cause and prejudice relating to his failure to raise these claims in his state court appeal, and additionally made no showing of a potential fundamental miscarriage of justice, Judge Pitman found Green's jurisdiction and grand jury-related claims to be procedurally barred. (*Id.* at 15-16).

Considering next the claim that Green's arrest lacked probable cause in contravention of the Fourth Amendment, Judge Pitman found that *Stone* v. *Powell*, 428 U.S. 465 (1976), precluded relief. (Report 16). *Stone* v. *Powell* and its progeny sharply circumscribe a federal court's ability to consider Fourth Amendment claims on habeas review, requiring either that the state failed to provide a corrective procedure for the asserted violation, or that the petitioner was prevented from using a provided procedure due to an "unconscionable breakdown in the underlying process." (*Id.* at 17 (quoting *Baker* v. *Bennet*, 235 F. Supp. 2d 298, 306-07 (S.D.N.Y. 2002))). The Second Circuit has held that New York's procedure provides for sufficient review of Fourth Amendment claims; thus, because the record reflects no "unconscionable breakdown" of that procedure, Judge Pitman found Green's Fourth Amendment claim unsuccessful. Judge Pitman acknowledged in a footnote Lee's argument that Green's Fourth Amendment claim was also procedurally barred, but found that because *Stone* v. *Powell* clearly precluded the Fourth Amendment claim, he need not address the procedural bar argument. (*Id.* at 20 n.5).

---

during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him[.]

6

Finally, Judge Pitman addressed Green's remaining claims on the merits. After explaining the standard for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires either (i) a contrary or unreasonable application of clearly established federal law, or (ii) an unreasonable determination of fact, Judge Pitman found that neither of Green's remaining claims presented a ground for relief. (Report 22-28). Specifically, Judge Pitman found that Green failed to meet the extremely high bar set for actual innocence claims — assuming such claims could even exist — as Green offered no support beyond his bare assertion of innocence. (*Id.* at 23-25). As for Green's contention that the State failed to present sufficient evidence to support his conviction, Judge Pitman found that the evidence at trial would have permitted a reasonable juror to find Green guilty of burglary. (*Id.* at 22-28). In light of his findings, Judge Pitman concluded by recommending that Green's Petition be denied in full.

3. **Review of Green's Objections**

Green asserts several objections to the Report. The Court reviews Green's arguments and finds, for the reasons stated in this section, that none of them provides a basis for rejecting or modifying Judge Pitman's thorough Report.

    a. **Green Is Not Entitled to Relief Based on a Lack of Personal or Subject Matter Jurisdiction at His Arraignment**

Green contends that Judge Pitman erred in finding that his jurisdictional arguments were procedurally barred. Green cites *United States* v. *Tran*, 234

F.3d 798 (2d Cir. 2000), *overruled on other grounds by United States* v. *Thomas*, 274 F.3d 655 (2d Cir. 2001), for the proposition that where a lower court proceeded without jurisdiction, "an [a]ppellate [c]ourt MUST notice such a flaw even if the issue was raised neither in the [d]istrict [c]ourt nor on [a]ppeal." (Obj. 4 (quoting *Tran*, 234 F.3d at 807) (emphasis in brief)). Hence, Green argues, Judge Pitman was required to review his jurisdictional challenge on the merits, regardless of whether Green presented that argument in his direct appeal. (*Id.*).

The cases upon which Green relies for his contention that a reviewing court must satisfy itself of a lower court's subject matter jurisdiction all deal with matters on direct appeal, not arguments raised in a § 2254 petition. (*See* Obj. 4 (citing *United States* v. *Tran*, 234 F.3d at 807; *United States* v. *Foley*, 73 F.3d 484, 487 (2d Cir. 1996), *overruled in part on other grounds by Salinas* v. *United States,* 522 U.S. 52 (1997); *Mitchell* v. *Maurer*, 293 U.S. 237, 239 (1934))). While arguments regarding a lower court's lack of subject matter jurisdiction may be raised at any time on direct appeal, in a § 2254 habeas proceeding, arguments based on a trial court's lack of jurisdiction may be procedurally barred. *See, e.g.*, *Chapman* v. *Bradt,* No. 07 Civ. 6583 (MAT), 2015 WL 1211683, at *10-11 (W.D.N.Y. Mar. 17, 2015) (finding petitioner's claim that the trial court lacked jurisdiction procedurally barred); *Perez* v. *Ercole*, No. 09 Civ. 1985 (SLT), 2010 WL 5475649, at *12 (E.D.N.Y. Dec. 30,

2010) (same); *Brown* v. *Schriver*, No. 96 Civ. 1902 (EHN), 1997 WL 793096, at *2 (E.D.N.Y. Nov. 25, 1997) (same).[4]

Green's jurisdictional argument additionally fails for a separate reason: His Petition presents no new basis for his contention that he was arraigned absent jurisdiction, leaving only the state-law arguments previously considered and rejected by the Supreme Court.  In his state collateral proceeding, Green argued that the trial court lacked personal and subject matter jurisdiction because the complaining witnesses did not sign affidavits in support of the criminal complaint, and the arresting officer failed to verify the complaint. (S.R. 181, 183-84, 187-90).  In addition to finding this claim procedurally barred, the Supreme Court found Green's assertion meritless, stating that the signed complaint satisfied the verification requirements of New York Criminal Procedure Law § 100.31(1)(d), and that under New York law, "there is no requirement that complainants sign supporting depositions when they have testified before the grand jury." (S.R. 238-39).  Green's purported jurisdictional flaws are statutory, and it is well-established that "federal habeas corpus relief

---

[4]   *Cf. Darby* v. *South Carolina*, No. CA 3:08-2931-CMC-JRM, 2009 WL 1743663, at *9 (D.S.C. June 16, 2009)

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law.  Thus, the frequently quoted maxim[] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court."  In other words, it is up to [state] courts to resolve issues as to whether or not subject matter jurisdiction exists.  This court does not review determinations of state law made by [state] courts. *See Pulley* v. *Harris*, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

9

does not lie for errors of state law." *Estelle* v. *McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis* v. *Jeffers*, 497 U.S. 764, 780 (1990)). The Second Circuit has further stated that even if a federal court deems a "state court's interpretation of its state statute as unwise, or even as jurisdictional overreaching, this does not entitle [a petitioner] to habeas relief." *Carvajal* v. *Artus*, 633 F.3d 95, 107 (2d Cir. 2011). Thus, because Green's jurisdictional argument is grounded in a matter of state law, it cannot be considered by this Court on habeas review. *See Barrington* v. *Lee*, No. 10 Civ. 6098 (ALC), 2015 WL 6526168, at *3 (S.D.N.Y. Oct. 28, 2015) (declining to consider a § 2254 petitioner's jurisdictional claim because it was grounded in state law).

> **b.    No Unconscionable Breakdown of Procedure Prevented Green from Raising His Fourth Amendment Claim in State Court**

Green next objects to Judge Pitman's recommended dismissal of his Fourth Amendment claim, arguing that the trial court's inconsistent characterization of Green's omnibus pretrial hearing indicates "an unconscionable breakdown in the underlying process." (Obj. 6). From this, Green reasons that *Stone* v. *Powell* does not preclude him from raising a Fourth Amendment claim on habeas review.

Judge Pitman recognized that the State Record did indeed characterize Green's pretrial hearing inconsistently: While the trial court described the proceeding as a *Dunaway* hearing and made an express finding that probable cause existed to arrest Green, the Supreme Court's decision denying Green's § 440.10 motion stated that, "Petitioner argues that the arresting officer lacked

10

probable cause to arrest him.  The only suppression issue litigated previously concerned the pre-trial identification issue.  Any other issue related to suppression is procedurally barred now because petitioner did not raise it previously." (Report 20 n.5 (quoting S.R. 238)).  Judge Pitman found it unnecessary to resolve this apparent contradiction, however, because *Stone* v. *Powell* precluded Green's Fourth Amendment claim regardless of whether that claim was procedurally barred.  The Court agrees with Judge Pitman's analysis.

Green argues that the Supreme Court's failure to consider his probable cause argument was itself an unconscionable breakdown in the process for reviewing his Fourth Amendment claim.  (Obj. 6).  However, "once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim … the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief."  *Graham* v. *Costello*, 299 F.3d 129, 134 (2d Cir. 2002).  In the present case, Green received an opportunity to litigate his Fourth Amendment claim: The trial court heard testimony from the arresting police officer, who explained that Green's arrest was pursuant to eyewitness testimony from the burglary victim, thereby presenting Green with an opportunity to challenge the officer's version of events.  (S.T. 73-74).  That a reviewing court then found Green's Fourth Amendment claim procedurally barred does not negate the prior "reasoned inquiry" conducted by the trial court.  *Cf. Capellan* v. *Riley*, 975 F.2d 67, 71 (2d Cir. 1992) ("Even if [Petitioner] were correct in his allegation that the

11

Appellate Division erroneously decided this issue, a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result.  Indeed, if we were to read [*Stone* v. *Powell*] as requiring us to focus on the correctness of the *outcome* resulting from the application of adequate state court corrective procedures, rather than on the existence and application of the *corrective procedures* themselves, we would be assuming, implicitly at least, that state courts were not responsible forums in which to bring constitutional claims such as is presented herein." (emphasis in original, internal citations omitted)).  Consequently, the Court adopts Judge Pitman's analysis regarding Green's Fourth Amendment claim.

### c. Judge Pitman Did Not Err in Addressing the Remainder of Green's Claims

In addition to the objections already addressed, Green makes a number of assertions in opposition to the Report that either repeat arguments made in his Petition, or state only general legal conclusions.  In regard to these objections, the Court reviews the Report for clear error, and finds none.  Specifically, Judge Pitman correctly concluded that (i) denial of Green's § 440.10 motion rested on an adequate and independent state ground; (ii) Green had not made a showing of actual innocence; and (iii) the evidence at trial was sufficient to support the jury's guilty verdict.  Because Green makes no new argument in reference to any of these claims, the Court adopts Judge Pitman's finding and conclusions.  *See Walker*, 216 F. Supp. 2d at 292.

## CONCLUSION

For the foregoing reasons, the Report is adopted in full, and the Petition is DENIED.

Since Green has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge* v. *United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court shall dismiss the Petition and close this case.

SO ORDERED.

Dated: March 31, 2016
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Michael Green, 09A5340
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582